1

**BUCKLEY SANDLER LLP**
FREDRICK S. LEVIN (State Bar No. 187603)

2
flevin@buckleysandler.com
DANIEL R. PALUCH (State Bar No. 287231)

3
dpaluch@buckleysandler.com
ALI M. ABUGHEIDA (State Bar No. 285284)

4
aabugheida@buckleysandler.com
100 Wilshire Boulevard, Suite 1000

5
Santa Monica, California 90401
Telephone: (310) 424-3900

6
Facsimile: (310) 424-3960

7
*Attorneys for Defendants Ygrene Energy Fund,*
*Inc. and Ygrene Energy Fund Florida, LLC*

8

9

10
**UNITED STATES DISTRICT COURT**

11
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

12

13
GEORGE W. WOOLLEY, TAMMY S. WOOLLEY, MICHAEL G. PEKEL,

14
ANTHONY LOOK, JR., KIMBERLY LOOK, GRACHIAN L. SMITH, MARY J.

15
LOUDENSLAGER-SMITH, ALEJANDRO MARCEY, and FELICIA MARCEY,

16
individually and on behalf of all others similarly situated,

17

18
            Plaintiffs,

19
      v.

20
YGRENE ENERGY FUND, INC.; YGRENE ENERGY FUND FLORIDA, LLC; and DOES

21
1 through 10, inclusive,

22
            Defendants.

Case No. 3:17-cv-01258-LB

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC TO THE SECOND AMENDED CLASS ACTION COMPLAINT**

The Hon. Magistrate Judge Laurel Beeler

23

24

25

26

27

28

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
YGRENE ENERGY FUND, INC. AND
YGRENE ENERGY FUND FLORIDA, LLC
TO THE SECOND AMENDED COMPLAINT**

Defendants Ygrene Energy Fund, Inc. and Ygrene Energy Fund Florida, LLC (collectively "Defendants" or "Ygrene") hereby file their Answer and Affirmative Defenses to Plaintiffs' Second Amended Class Action Complaint ("Complaint").

**OPENING PARAGRAPH**

Defendants admit that Plaintiffs purport to bring this proposed class action against the named defendants but deny that they are entitled to any relief. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph of the Complaint.

**THE PARTIES**

1. Defendants admit the allegations in paragraph 1 of the Complaint.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, on that basis, deny each and every such allegation.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. By order dated November 4, 2017, the Court dismissed the claims brought by Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice. The Smiths subsequently agreed to dismiss their claims with prejudice. Accordingly, no further response is required to the allegations of Paragraph 6 of the Complaint.

7. By order dated November 4, 2017, the Court dismissed the claims brought by Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice. The Smiths subsequently agreed to dismiss their claims with prejudice. Accordingly, no further response is required to the allegations of Paragraph 7 of the Complaint.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1  10. Defendants admit the allegations in paragraph 10 of the Complaint.

2  11. Defendants admit the allegations in paragraph 11 of the Complaint.

3  12. Defendants lack information sufficient to form a belief as to the truth of the

4 allegations in paragraph 12 of the Complaint and, on that basis, deny each and every such

5 allegation.

6  13. The allegations in paragraph 13 of the Complaint are administrative in nature and

7 therefore do not require a response.  To the extent the allegations in paragraph 13 of the Complaint

8 may be deemed to require a response, Defendants admit that Plaintiffs purport to refer to Ygrene

9 and DOES 1 through 10 collectively but denies Plaintiffs may properly plead the conduct of

10 Defendants collectively.  Rather, Rule 8 requires Plaintiffs to plead facts as to each defendant that

11 demonstrates Plaintiffs' entitlement to relief against each one individually.  Plaintiffs

12 contemplated group pleading does not satisfy these requirements.  On that basis, Defendants deny

13 the allegations of Paragraph 13 entirely.

14         **JURISDICTION AND VENUE**

15  14. Defendants admit the allegations in paragraph 14 of the Complaint.

16  15. Defendants admit that venue in this Court is proper based on Defendants' consent.

17 Defendants are without information sufficient to form a belief as to the truth of the remaining

18 allegations in paragraph 15 of the Complaint and therefore deny the same.

19  16. Defendants deny that the financial obligations at issue here are loans.  Defendants

20 further deny that they marketed and facilitated Property Assessed Clean Energy ("PACE")

21 financing for homeowners throughout the United States and the State of California at any time

22 relevant to this case.  Defendants lack information sufficient to form a belief as to the truth of the

23 remaining allegations in paragraph 16 of the Complaint, and on that basis, deny each and every

24 such allegation.

25  17. Defendants do not dispute that this Court has personal jurisdiction over Defendants.

26 Defendants explicitly deny that they have committed any statutory violation whatsoever.

27 Defendants lack information sufficient to form a belief as to the truth of the remaining allegations

28 in paragraph 17 of the Complaint, and on that basis, deny each and every such allegation.

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

2

Case No. 3:17-cv-01258-LB
DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

**NATURE OF THE ACTION**

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants admit that property owners can use Property Assessed Clean Energy ("PACE") financing arrangements to finance certain improvements to the properties they own. Defendants further admit that PACE financing obligations are typically repaid through an annual assessment on the owner's property tax bill.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20.     Defendants deny that the materials they provide to contractors contain misleading and incorrect statements.  Defendants deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint, and on that basis, deny each and every such allegation.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

24.     Defendants admit that the quoted language appears at the url referenced in Paragraph 24 of the Complaint but deny Plaintiffs' characterization of these words or any inferences drawn therefrom.  Defendants deny the remaining allegations in paragraph 24 of the Complaint.

25.     Plaintiffs do not identify the source of the language quoted in paragraph 25 of the Complaint.  Accordingly, Defendants lack information sufficient to form a belief as to the truth of the allegations relating to the language quoted in paragraph 25 of the Complaint, and on that basis, deny each and every such allegation.  Defendants deny the remaining allegations in paragraph 25 of the Complaint.

26.     Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendants admit that the website referenced in paragraph 28 of the Complaint contains the language quoted in paragraph 28 of the Complaint.  Defendants deny the remaining allegations in paragraph 28 of the Complaint.

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

1  29.    Defendants admit that public statements made by the FHFA since at least 2010

2  make clear that PACE obligations may not transfer to a buyer of a property encumbered by a

3  PACE lien.  Defendants deny the remaining allegations contained in Paragraph 29 of the

4  Complaint.

5  30.    Defendants deny that PACE obligations constitute loans.  The remaining

6  allegations in paragraph 30 of the Complaint constitute legal conclusions to which no response is

7  required.  To the extent these allegations may be deemed to require a response, Defendants deny

8  the allegations in paragraph 30 of the Complaint..

9  31.    Defendants deny the allegations in paragraph 31 of the Complaint.

10  32.    Defendants deny the allegations in paragraph 32 of the Complaint.

11  33.    Defendants deny the allegations in paragraph 33 of the Complaint.

12  34.    Defendants deny the allegations in paragraph 34 of the Complaint.

13  35.    Defendants deny the allegations in paragraph 35 of the Complaint.

14  36.    Defendants admit that the Protect Americans from Credit Exploitation Act ("PACE

15  Act") was introduced after the filing of this lawsuit.  Defendants further admit the authenticity of

16  the bill as introduced but deny Plaintiffs' characterization of it.  Defendants also admit that the

17  press release cited in footnote 5 to the Complaint contains the words quoted in this paragraph.

18  Defendants deny the remaining allegations in paragraph 36 of the Complaint.

19  37.    Defendants deny that PACE obligations constitute loans.  Defendants lack

20  information sufficient to form a belief as to the content of Senator Cotton's "observation," and on

21  that basis, deny each and every such allegation of Paragraph 37

22  38.    The allegations in paragraph 38 of the Complaint constitute legal conclusions to

23  which no response is required.  To the extent these allegations may be  deemed to require a

24  response, Defendants deny each and every such allegation.

25  39.    Defendants admit that Plaintiffs purport to bring this action as representatives of

26  several putative classes, but deny that these classes should be certified or that class treatment of

27  this action is appropriate.  Defendants further deny that Plaintiffs have suffered any harm.

28  Defendants further deny that Plaintiffs are entitled to any of the relief sought under any of the

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1   claims asserted in the Complaint.  Except as expressly admitted, Defendants deny the remaining

2   allegations in paragraph 39 of the Complaint.

3                              **GENERAL FACTUAL ALLEGATIONS**

4                                        **PACE Loans**

5        40.     Defendants deny that PACE obligations constitute loans.  Defendants admit that

6   property owners may choose to use PACE obligations to finance certain improvements to the

7   properties they own.  Defendants further admit that PACE financing obligations are typically

8   repaid through an annual assessment on the owner's property tax bill.  Except as expressly

9   admitted, Defendants deny the remaining allegations in paragraph 40 of the Complaint.

10       41.     Defendants deny that PACE obligations constitute loans.  Defendants lack

11  information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41

12  of the Complaint, and on that basis, deny each and every such allegation.

13       42.     Defendants admit that some PACE programs are financed by municipal revenue

14  bonds secured by liens on participating properties.  Defendants further admit that these bonds can

15  be issued through private placement or public issuance.  Defendants further admit that PACE

16  programs provide funding for property improvement projects that meet applicable program terms

17  and conditions.  Defendants lack information sufficient to form a belief as to the truth of the

18  remaining allegations in paragraph 42 of the Complaint, and on that basis, deny each and every

19  such allegation.

20       43.     Defendants deny that PACE obligations constitute loans.  Defendants admit that

21  California was the first state to introduce a PACE program, and that it did so in 2008.  Defendants

22  lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph

23  43 of the Complaint, and on that basis, deny each and every such allegation.

24       44.     The allegations in paragraph 44 of the Complaint that refer to the holding in

25  *Florida Bankers Ass'n v. Florida Development Finance Corp.*, 176 So.3d 1258, 1260 (Fla. 2015)

26  constitute legal conclusions to which no response is required.  To the extent these allegations may

27  be deemed to require a response, Defendants deny each and every such allegation.  Defendants

28  deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1   belief as to the truth of the remaining allegations in paragraph 44 of the Complaint, and on that

2   basis, deny each and every such allegation.

3        45.     Defendants deny that PACE obligations constitute loans.  Defendants lack

4   information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45

5   of the Complaint, and on that basis, deny each and every such allegation.

6        46.     Defendants deny that PACE obligations constitute loans.  Defendants further deny

7   that they have engaged in any deceptive conduct.  Defendants further deny that they have used

8   incomplete information to market their PACE obligations.  Defendants further deny that they have

9   provided contractors with "deceptive and incomplete information to pass along" to consumers.

10  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations

11  in paragraph 46 of the Complaint, and on that basis, deny each and every such allegation.

12       47.     Defendants admit that the article referenced in paragraph 47 of the Complaint

13  contains the language quoted in paragraph 47 of the Complaint.  Defendants deny the remaining

14  allegations in paragraph 47 of the Complaint.

15       48.     Defendants deny that PACE obligations constitute loans.  Defendants admit that

16  PACE programs are typically administered by private companies.  Defendants further admit that

17  they serve as program administrators in relevant jurisdictions in California and Florida.

18  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations

19  in paragraph 48 of the Complaint, and on that basis, deny each and every such allegation.

20       49.     Defendants deny that PACE obligations constitute loans.  Defendants admit that the

21  article referenced in paragraph 49 of the Complaint contains the language quoted in paragraph 49

22  of the Complaint.  Defendants lack information sufficient to form a belief as to the truth of the

23  remaining allegations in paragraph 49 of the Complaint, and on that basis, deny each and every

24  such allegation.

25       **The FHFA's Rules Regarding PACE Loans**

26       50.     Defendants admit the allegations in paragraph 50 of the Complaint.

27       51.     Defendants admit that Fannie Mae and Freddie Mac purchase mortgages from loan

28  originators and use them to issue mortgage-backed securities.  Defendants lack information

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1   sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the

2   Complaint, and on that basis, deny each and every such allegation.

3        52.    Defendants lack information sufficient to form a belief as to the truth of the

4   allegations in paragraph 52 of the Complaint, and on that basis, deny each and every such

5   allegation.

6        53.    Defendants admit that the document referenced in paragraph 53 of the Complaint

7   contains the language quoted in paragraph 53 of the Complaint.  Defendants lack information

8   sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the

9   Complaint, and on that basis, deny each and every such allegation.

10       54.    Defendants deny that PACE obligations constitute loans.  Defendants admit that the

11  document referenced in paragraph 54 of the Complaint contains the language quoted in paragraph

12  54 of the Complaint.  Defendants further admit that the FHFA issued a statement dated July 6,

13  2010 and that the document referenced in paragraph 54 of the Complaint purports to be that

14  statement.  Defendants lack information sufficient to form a belief as to the truth of the remaining

15  allegations in paragraph 54 of the Complaint, and on that basis, deny each and every such

16  allegation.

17       55.    Defendants deny that PACE obligations constitute loans.  Defendants lack

18  information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55

19  of the Complaint, and on that basis, deny each and every such allegation.

20       56.    Defendants lack information sufficient to form a belief as to the truth of the

21  allegations in paragraph 56 of the Complaint, and on that basis, deny each and every such

22  allegation.

23       57.    Defendants admit that the Ninth Circuit issued the decision cited in this Paragraph

24  but deny any characterization of it.  Defendants deny any remaining  allegations contained in

25  paragraph 57 of the Complaint.

26       58.    Defendants deny that PACE obligations constitute loans.  Defendants admit that the

27  document referenced in paragraph 58 of the Complaint contains the language quoted in paragraph

28  58 of the Complaint.  Defendants lack information sufficient to form a belief as to the truth of the

**BUCKLEY SANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Tel. (310) 424-3900 • Fax (310) 424-3960

7

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1   remaining allegations in paragraph 58 of the Complaint, and on that basis, deny each and every

2   such allegation.

3        59.      Defendants admit that the document referenced in paragraph 59 of the Complaint

4   contains the language quoted in paragraph 59 of the Complaint.  Defendants lack information

5   sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of the

6   Complaint, and on that basis, deny each and every such allegation.

7        60.      The allegations in paragraph 60 of the Complaint constitute legal conclusions to

8   which no response is required.  To the extent these allegations may be deemed to require a

9   response, Defendants deny each and every such allegation.

10       61.      Defendants deny the allegations in paragraph 61 of the Complaint.

11                          **PACE Loans in California**

12       62.      Defendants deny the allegations in paragraph 62 of the Complaint.

13       63.      Defendants deny that PACE obligations constitute loans.  Defendants admit that

14   California passed the first PACE-enabling legislation in the country, and that it did so in 2008.

15   Defendants lack information sufficient to form a belief as to the truth of the remaining allegations

16   in paragraph 63 of the Complaint, and on that basis, deny each and every such allegation.

17       64.      Defendants deny that PACE obligations constitute loans.  Defendants lack

18   information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64

19   of the Complaint, and on that basis, deny each and every such allegation.

20       65.      Defendants deny that PACE obligations constitute loans.  Defendants admit that the

21   article referenced in paragraph 65 of the Complaint contains the language quoted in paragraph 65

22   of the Complaint.  Defendants lack information sufficient to form a belief as to the truth of the

23   remaining allegations in paragraph 65 of the Complaint, and on that basis, deny each and every

24   such allegation.

25       66.      Defendants deny that PACE obligations constitute loans.  Defendants admit that the

26   The Wall Street Journal published the article referenced in paragraph 66 but deny any

27   characterization of it.  Defendants lack information sufficient to form a belief as to the truth of the

28   remaining allegations in paragraph 66 of the Complaint, and on that basis, deny each and every

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1    such allegation.

2         67.    Defendants deny that PACE obligations constitute loans.  Defendants admit that the

3    document referenced in paragraph 67 of the Complaint contains the language quoted in paragraph

4    67 of the Complaint.  Defendants lack information sufficient to form a belief as to the truth of the

5    remaining allegations in paragraph 67 of the Complaint, and on that basis, deny each and every

6    such allegation.

7         68.    Defendants deny that PACE obligations constitute loans.  Defendants admit that the

8    document referenced in paragraph 68 of the Complaint contains the language quoted in paragraph

9    68 of the Complaint.  Defendants lack information sufficient to form a belief as to the truth of the

10   remaining allegations in paragraph 68 of the Complaint, and on that basis, deny each and every

11   such allegation.

12        69.    Defendants deny that PACE obligations constitute loans.  Defendants admit that the

13   document referenced in paragraph 69 of the Complaint contains the language quoted in paragraph

14   69 of the Complaint.  Defendants lack information sufficient to form a belief as to the truth of the

15   remaining allegations in paragraph 69 of the Complaint, and on that basis, deny each and every

16   such allegation.

17        70.    Defendants deny the allegations in paragraph 70 of the Complaint.

18                              **PACE Loans in Florida**

19        71.    Defendants admit that the Florida Legislature passed legislation codified in Section

20   163.08 and admit the language of that section.  Defendants deny any characterization of that

21   section and any remaining  allegations in paragraph 71 of the Complaint.

22        72.    Defendants admit the language of the Act but deny any characterization of it and

23   deny any remaining allegations in paragraph 72 of the Complaint.

24        73.    Defendants deny that the financial obligations at issue here are loans.  Defendants

25   admit the language of Act, but deny any characterization of it and deny any remaining allegations

26   in paragraph 73 of the Complaint.

27        74.    Defendants deny that the financial obligations at issue here are loans.  Defendants

28   admit the language of the statute cited by Plaintiffs in this Paragraph, but deny any

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1  characterization of it.  Defendants deny any remaining allegations in paragraph 74 of the

2  Complaint.

3        75.      Defendants deny that the financial obligations at issue here are loans.  Defendants

4  admit the language of the cited statute but deny any characterization of it.  Defendants deny any

5  remaining allegations in paragraph 75 of the Complaint.

6        76.      Defendants admit that Florida PACE programs are formed by local governments to

7  operate for local governments.  Defendants lack information sufficient to form a belief as to the

8  truth of the remaining allegations in paragraph 76 of the Complaint, and on that basis, deny each

9  and every such allegation.

10        77.      Defendants admit that Ygrene Energy Fund Florida, LLC serves as an

11  administrator for two PACE programs in Florida.  Defendants lack information sufficient to form

12  a belief as to the truth of the remaining allegations in paragraph 77 of the Complaint, and on that

13  basis, deny each and every such allegation.

14        78.      Defendants admit the allegations in paragraph 78 of the Complaint.

15                   **Ygrene's Alleged Business Model**

16        79.      Defendants admit that they have approved more than $1 billion in applications for

17  PACE financing and have funded over $394 million in approved home-improvement contracts.

18  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations

19  in paragraph 79 of the Complaint, and on that basis, deny each and every such allegation.

20        80.      Defendants deny the allegations in paragraph 80 of the Complaint.

21        81.      Defendants deny the allegations in paragraph 81 of the Complaint.

22        82.      Defendants lack information sufficient to form a belief as to the truth of the

23  allegations in paragraph 82 of the Complaint, and on that basis, deny each and every such

24  allegation.

25        83.      Defendants lack information sufficient to form a belief as to the truth of the

26  allegations in paragraph 83 of the Complaint, and on that basis, deny each and every such

27  allegation.

28        84.      Defendants lack information sufficient to form a belief as to the truth of the

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

1   allegations in paragraph 84 of the Complaint, and on that basis, deny each and every such

2   allegation.

3        85.     Defendants lack information sufficient to form a belief as to the truth of the

4   allegations in paragraph 85 of the Complaint, and on that basis, deny each and every such

5   allegation.

6        86.     Defendants lack information sufficient to form a belief as to the truth of the

7   allegations in paragraph 86 of the Complaint, and on that basis, deny each and every such

8   allegation.

9        87.     Defendants deny that PACE obligations constitute loans.  Defendants lack

10  information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87

11  of the Complaint, and on that basis, deny each and every such allegation.

12       88.     Defendants admit the allegations in paragraph 88 of the Complaint.

13       89.     Defendants admit the allegations in paragraph 89 of the Complaint.

14       90.     Defendants admit the allegations in paragraph 90 of the Complaint.

15       91.     Defendants deny the allegations in paragraph 91 of the Complaint.

16       92.     Defendants deny that PACE obligations constitute loans.  Defendants lack

17  information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92

18  of the Complaint, and on that basis, deny each and every such allegation.

19       93.     Defendants deny that PACE obligations constitute loans.  Defendants lack

20  information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93

21  of the Complaint, and on that basis, deny each and every such allegation.

22       94.     Defendants lack information sufficient to form a belief as to the truth of the

23  allegations in paragraph 94 of the Complaint, and on that basis, deny each and every such

24  allegation.

25       95.     Defendants deny that PACE obligations constitute loans.  Defendants further deny

26  that the PACE obligations they offer bear excessive interest rates.  Defendants lack information

27  sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 of the

28  Complaint, and on that basis, deny each and every such allegation.

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

96. Defendants deny that PACE obligations constitute loans. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96 of the Complaint, and on that basis, deny each and every such allegation.

97. Defendants admit that they facilitate PACE funding in the PACE districts in which they operate, and that they serve as program administrators in those districts. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 of the Complaint, and on that basis, deny each and every such allegation.

98. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint, and on that basis, deny each and every such allegation.

99. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint, and on that basis, deny each and every such allegation.

100. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint, and on that basis, deny each and every such allegation.

**Ygrene's Alleged Deceptive Business Practices Have Allegedly Damaged Consumers**

101. Defendants admit that they work with numerous home contractors in order to provide approved home-improvement projects to program participants. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 of the Complaint, and on that basis, deny each and every such allegation.

102. Defendants deny that the home contractors they work with serve as de facto mortgage brokers. Defendants further deny that PACE obligations constitute loans. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102 of the Complaint, and on that basis, deny each and every such allegation.

103. Defendants deny the allegations in paragraph 103 of the Complaint.

104. Defendants deny the allegations in paragraph 104 of the Complaint.

105. Defendants deny the allegations in paragraph 105 of the Complaint.

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1       106.    Defendants lack information sufficient to form a belief as to the truth of the

2  allegations in paragraph 106 of the Complaint, and on that basis, deny each and every such

3  allegation.

4       107.    Defendants deny the allegations in paragraph 107 of the Complaint.

5       108.    Defendants deny the allegations in paragraph 108 of the Complaint.

6       109.    Defendants deny the allegations in paragraph 109 of the Complaint.

7       110.    Defendants deny that PACE obligations constitute loans.  Defendants deny that it

8  "emphasizes its partnership with local governments."  Defendants lack information sufficient to

9  form a belief as to the truth of the remaining allegations in paragraph 110 of the Complaint, and on

10  that basis, deny each and every such allegation.

11       111.    Defendants admit that Plaintiffs purport to bring this action as representatives of

12  several putative classes, but deny that these classes should be certified or that class treatment of

13  this action is appropriate.  Defendants further deny that Plaintiffs have suffered any harm.

14  Defendants further deny that Plaintiffs are entitled to any of the relief sought under any of the

15  claims asserted in the Complaint.  Defendants lack information sufficient to form a belief as to the

16  truth of the remaining allegations in paragraph 111 of the Complaint, and on that basis, deny each

17  and every such allegation.

18       112.    Defendants admit that the websites referenced in paragraph 112 of the Complaint

19  contain the language quoted in paragraph 112 of the Complaint.  Defendants lack information

20  sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 of the

21  Complaint, and on that basis, deny each and every such allegation.

22       113.    Defendants lack information sufficient to form a belief as to the truth of the

23  allegations in paragraph 113 of the Complaint, and on that basis, deny each and every such

24  allegation.

25       114.    Defendants deny the allegations in paragraph 114 of the Complaint.

26       115.    Defendants deny the allegations in paragraph 115 of the Complaint.

27       116.    Defendants deny the allegations in paragraph 116 of the Complaint.

28       117.    Defendants deny the allegations in paragraph 117 of the Complaint.

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1

**Ygrene's Allegedly Deceptive Written Disclosures**

2

118.    Defendants deny that PACE obligations constitute loans.  Defendants deny that the

3

UAA contains misrepresentations of the nature of PACE obligations.  Paragraph 118 does not

4

sufficiently identify a particular UAA.  Therefore,  Defendants lack information sufficient to form

5

a belief as to the truth of the remaining allegations in paragraph 118 of the Complaint, and on that

6

basis, deny each and every such allegation.

7

119.    The allegations in paragraph 119 of the Complaint constitute legal conclusions to

8

which no response is required.  To the extent these allegations may be deemed to require a

9

response, Defendants deny each and every such allegation.

10

120.    Defendants deny that PACE obligations constitute loans.  The remaining

11

allegations in paragraph 120 of the Complaint constitute legal conclusions to which no response is

12

required.  To the extent these allegations may be deemed to require a response, Defendants deny

13

each and every such allegation.

14

121.    The allegations in paragraph 121 of the Complaint constitute legal conclusions to

15

which no response is required.  To the extent these allegations may be deemed to require a

16

response, Defendants deny each and every such allegation.

17

122.    Paragraph 122 does not sufficiently identify a particular UAA.  Therefore,

18

Defendants lack information sufficient to form a belief as to the truth of the allegations in

19

paragraph 122 of the Complaint, and on that basis, deny each and every such allegation.

20

123.    Defendants deny that PACE obligations constitute loans.  The remaining

21

allegations in paragraph 123 of the Complaint constitute legal conclusions to which no response is

22

required.  To the extent these allegations may be deemed to require a response, Defendants deny

23

each and every such allegation.

24

124.    Defendants deny that PACE obligations constitute loans.  The remaining

25

allegations in paragraph 124 of the Complaint constitute legal conclusions to which no response is

26

required.  To the extent these allegations may be deemed to require a response, Defendants deny

27

each and every such allegation.

28

125.    Defendants deny that PACE obligations constitute loans.  Paragraph 125 does not

**BUCKLEY SANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Tel. (310) 424-3900 • Fax (310) 424-3960

Case No. 3:17-cv-01258-LB
DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1    sufficiently identify a particular financing agreement.  Therefore,  Defendants lack information

2    sufficient to form a belief as to the truth of the remaining allegations in paragraph 125 of the

3    Complaint, and on that basis, deny each and every such allegation.

4           126.   Defendants deny that PACE obligations constitute loans.  The remaining

5    allegations in paragraph 126 of the Complaint constitute legal conclusions to which no response is

6    required.  To the extent these allegations may be deemed to require a response, Defendants deny

7    each and every such allegation.

8           127.   Paragraph 127 does not sufficiently identify a particular financing agreement.

9    Therefore,  Defendants lack information sufficient to form a belief as to the truth of the allegations

10   in paragraph 127 of the Complaint, and on that basis, deny each and every such allegation.

11          128.   Defendants deny that PACE obligations constitute loans.  The remaining

12   allegations in paragraph 128 of the Complaint constitute legal conclusions to which no response is

13   required.  To the extent these allegations may be deemed to require a response, Defendants deny

14   each and every such allegation.

15          129.   The allegations in paragraph 129 of the Complaint constitute legal conclusions to

16   which no response is required.  To the extent these allegations may be deemed to require a

17   response, Defendants deny each and every such allegation.

18          130.   Defendants deny the allegations in paragraph 130 of the Complaint.

19          131.   Defendants deny the allegations in paragraph 131 of the Complaint.

20          132.   Defendants deny that PACE obligations constitute loans.  The remaining

21   allegations in paragraph 132 of the Complaint constitute legal conclusions to which no response is

22   required.  To the extent these allegations may be deemed to require a response, Defendants deny

23   each and every such allegation.

**Ygrene's Allegedly Unreasonable Administrative Fees**

24

25          133.   Defendants deny the allegations in paragraph 133 of the Complaint.

26          134.   Defendants deny the allegations in paragraph 134 of the Complaint.

27          135.   Defendants deny the allegations in paragraph 135 of the Complaint.

28          136.   Defendants deny the allegations in paragraph 136 of the Complaint.

**BUCKLEY SANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Tel. (310) 424-3900 • Fax (310) 424-3960

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1     137.    Defendants deny the allegations in paragraph 137 of the Complaint.

2     138.    Defendants deny the allegations in paragraph 138 of the Complaint.

3     139.    Defendants deny the allegations in paragraph 139 of the Complaint.

### **Factual Allegations Specific to Plaintiffs**

### **George W. Woolley and Tammy S. Woolley**

140.    Defendants deny that PACE obligations constitute loans.  Defendants admit the remaining allegations in paragraph 140 of the Complaint.

141.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint, and on that basis, deny each and every such allegation.

142.    Defendants deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 of the Complaint, and on that basis, deny each and every such allegation.

143.    Defendants deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 of the Complaint, and on that basis, deny each and every such allegation.

144.    Defendants deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 of the Complaint, and on that basis, deny each and every such allegation.

145.    Defendants admit that Tammy and George Woolley signed a Financing Agreement. Defendants further admit that the Financing Agreement Tammy and George Woolley signed contains the language quoted in paragraph 145 of the Complaint.  Defendants further admit that the Financing Agreement Tammy and George Woolley signed bore Ygrene's name and logo. Defendants deny that the disclosures Tammy and George Woolley received were deceptive. Defendants deny the remaining allegations contained in this paragraph.

146.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint, and on that basis, deny each and every such allegation.

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

147.   Defendants deny the allegations in paragraph 147 of the Complaint.

148.   Defendants admit the allegations in paragraph 148 of the Complaint.

149.   Defendants deny the allegations in paragraph 149 of the Complaint.

150.   Defendants deny the allegations in paragraph 150 of the Complaint.

151.   Defendants deny that PACE obligations constitute loans.  Defendants deny the allegations in paragraph 151 of the Complaint.

152.   Defendants deny that PACE obligations constitute loans.  The remaining allegations in paragraph 152 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

153.   Defendants deny that PACE obligations constitute loans.  Defendants deny the allegations in paragraph 153 of the Complaint.

**Michael G. Pekel**

154.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint, and on that basis, deny each and every such allegation.

155.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint, and on that basis, deny each and every such allegation.

156.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Complaint, and on that basis, deny each and every such allegation.

157.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the Complaint, and on that basis, deny each and every such allegation.

158.   Defendants deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 158 of the Complaint, and on that basis, deny each and every such allegation.

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

159.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 159 of the Complaint, and on that basis, deny each and every such allegation.

160.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the Complaint, and on that basis, deny each and every such allegation.

161.    Defendants admit that Michael Pekel signed a Financing Agreement.  Defendants further admit that the Financing Agreement Michael Pekel signed contains the language quoted in paragraph 161 of the Complaint.  Defendants further admit that the Financing Agreement Michael Pekel signed bore Ygrene's name and logo.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 161 of the Complaint, and on that basis, deny each and every such allegation.

162.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint, and on that basis, deny each and every such allegation.

163.    Defendants deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 163 of the Complaint, and on that basis, deny each and every such allegation.

164.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint, and on that basis, deny each and every such allegation.

165.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the Complaint, and on that basis, deny each and every such allegation.

166.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 166 of the Complaint, and on that basis, deny each and every such allegation.

167.    Defendants lack information sufficient to form a belief as to the truth of the

1  allegations in paragraph 167 of the Complaint, and on that basis, deny each and every such

2  allegation.

3      168.    Defendants deny that PACE obligations constitute loans.  The remaining

4  allegations in paragraph 168 of the Complaint constitute legal conclusions to which no response is

5  required.  To the extent these allegations may be deemed to require a response, Defendants deny

6  each and every such allegation.

7      169.    Defendants deny that PACE obligations constitute loans.  The remaining

8  allegations in paragraph 169 of the Complaint constitute legal conclusions to which no response is

9  required.  To the extent these allegations may be deemed to require a response, Defendants deny

10  each and every such allegation.

11      170.    Defendants deny that PACE obligations constitute loans.  The remaining

12  allegations in paragraph 170 of the Complaint constitute legal conclusions to which no response is

13  required.  To the extent these allegations may be deemed to require a response, Defendants deny

14  each and every such allegation.

15  <center>**Anthony Look, Jr. and Kimberly Look**</center>

16      171.    Defendants admit that Anthony Look, Jr. and Kimberly Look are a married couple.

17  Defendants deny the remaining allegations in paragraph 171 of the Complaint.

18      172.    Defendants deny that PACE obligations constitute loans.  Defendants admit that the

19  Looks entered into a PACE financing transaction on or about August 2015 to finance certain home

20  improvements.  Defendants deny any remaining allegations in paragraph 172 of the Complaint.

21      173.    Defendants deny the allegations in paragraph 173 of the Complaint.

22      174.    Defendants deny that PACE obligations constitute loans.  The remaining

23  allegations in paragraph 174 of the Complaint constitute legal conclusions to which no response is

24  required.  To the extent these allegations may be deemed to require a response, Defendants deny

25  each and every such allegation.

26      175.    Defendants deny that PACE obligations constitute loans.  Defendants admit that

27  Kimberly Look emailed and spoke with Megan Smith.  Defendants deny the remaining allegations

28  in paragraph 175 of the Complaint.

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

176.   Defendants admit that Anthony Look, Jr. and Kimberly Look signed a Unanimous Approval Agreement.  Defendants further admit that the Unanimous Approval Agreement Anthony Look, Jr. and Kimberly Look signed contains the language quoted in paragraph 176 of the Complaint.  Defendants further admit that the Unanimous Approval Agreement Anthony Look, Jr. and Kimberly Look signed bore Ygrene's name and logo.  Defendants deny that the UAA referenced in this paragraph contained a deceptive disclosure.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 176 of the Complaint, and on that basis, deny each and every such allegation.

177.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Complaint, and on that basis, deny each and every such allegation.

178.   Defendants deny that Anthony Look, Jr. and Kimberly Look did not receive adequate disclosures regarding the likelihood with which they would have to pre-pay their PACE obligation in the event they tried to sell or refinance their home.  Defendants deny the remaining allegations in paragraph 178 of the Complaint.

179.   Defendants admit that Clark Wagaman Designs carried out work on Anthony Look, Jr. and Kimberly Look's home.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 179 of the Complaint, and on that basis, deny each and every such allegation.

180.   Defendants deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 180 of the Complaint, and on that basis, deny each and every such allegation.

181.   Defendants deny the allegations in paragraph 181 of the Complaint.

182.   Defendants deny that PACE obligations constitute loans.  The remaining allegations in paragraph 182 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

183.   Defendants deny that PACE obligations constitute loans.  The remaining

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

20

1   allegations in paragraph 183 of the Complaint constitute legal conclusions to which no response is

2   required.  To the extent these allegations may be deemed to require a response, Defendants deny

3   each and every such allegation.

4   **Grachian L. Smith and Mary J. Loudenslager-Smith**

5   184.   By order dated November 4, 2017, the Court dismissed the claims brought by

6   Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

7   agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

8   allegations of Paragraph 184 of the Complaint.

9   185.   By order dated November 4, 2017, the Court dismissed the claims brought by

10  Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

11  agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

12  allegations of Paragraph 185 of the Complaint.

13  186.   By order dated November 4, 2017, the Court dismissed the claims brought by

14  Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

15  agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

16  allegations of Paragraph 186 of the Complaint.

17  187.   By order dated November 4, 2017, the Court dismissed the claims brought by

18  Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

19  agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

20  allegations of Paragraph 187 of the Complaint.

21  188.   By order dated November 4, 2017, the Court dismissed the claims brought by

22  Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

23  agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

24  allegations of Paragraph 188 of the Complaint.

25  189.   By order dated November 4, 2017, the Court dismissed the claims brought by

26  Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

27  agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

28  allegations of Paragraph 189 of the Complaint.

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1    190.    By order dated November 4, 2017, the Court dismissed the claims brought by

2   Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

3   agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

4   allegations of Paragraph 190 of the Complaint.

5    191.    By order dated November 4, 2017, the Court dismissed the claims brought by

6   Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

7   agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

8   allegations of Paragraph 191 of the Complaint.

9    192.    By order dated November 4, 2017, the Court dismissed the claims brought by

10   Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

11   agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

12   allegations of Paragraph 192 of the Complaint.

13    193.    By order dated November 4, 2017, the Court dismissed the claims brought by

14   Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

15   agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

16   allegations of Paragraph 193 of the Complaint.

17    194.    By order dated November 4, 2017, the Court dismissed the claims brought by

18   Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

19   agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

20   allegations of Paragraph 194 of the Complaint.

21    195.    By order dated November 4, 2017, the Court dismissed the claims brought by

22   Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

23   agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

24   allegations of Paragraph 195 of the Complaint.

25    196.    By order dated November 4, 2017, the Court dismissed the claims brought by

26   Grachian L. Smith and Mary J. Loudenslager-Smith without prejudice.  The Smiths subsequently

27   agreed to dismiss their claims with prejudice.  Accordingly, no further response is required to the

28   allegations of Paragraph 196 of the Complaint.

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

**Alejandro Marcey and Felicia Marcey**

197.    Defendants deny that PACE obligations constitute loans.  Defendants admit the remaining allegations in paragraph 197 of the Complaint.

198.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 198 of the Complaint, and on that basis, deny each and every such allegation.

199.    Defendants deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 199 of the Complaint, and on that basis, deny each and every such allegation.

200.    Defendants deny that PACE obligations constitute loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 200 of the Complaint, and on that basis, deny each and every such allegation.

201.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 201 of the Complaint, and on that basis, deny each and every such allegation.

202.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 202 of the Complaint, and on that basis, deny each and every such allegation.

203.    Defendants admit that Alejandro Marcey and Felicia Marcey signed a Unanimous Approval Agreement.  Defendants further admit that the Unanimous Approval Agreement Alejandro Marcey and Felicia Marcey signed contains the language quoted in paragraph 203 of the Complaint.  Defendants further admit that the Unanimous Approval Agreement Alejandro Marcey and Felicia Marcey signed bore Ygrene's name and logo.  Defendants deny that the UAA referenced in this Paragraph contained a deceptive disclosure.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 203 of the Complaint, and on that basis, deny each and every such allegation.

204.    Defendants deny the allegations in paragraph 204 of the Complaint.

205.    Defendants deny the allegations in paragraph 205 of the Complaint.

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1    206.    Defendants deny the allegations in paragraph 206 of the Complaint.

2    207.    Defendants deny the allegations in paragraph 207 of the Complaint.

3    208.    Defendants lack information sufficient to form a belief as to the truth of the

4    allegations in paragraph 208 of the Complaint, and on that basis, deny each and every such

5    allegation.

6    **ALLEGED CLASS ACTION ALLEGATIONS**

7    209.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

8    putative class, but deny that any class should be certified or is appropriate.  Except as expressly

9    admitted, Defendants deny the remaining allegations in paragraph 209 of the Complaint.

10    210.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

11    putative class, but deny that any class should be certified or is appropriate.  Except as expressly

12    admitted, Defendants deny the remaining allegations in paragraph 210 of the Complaint.

13    211.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

14    putative class, but deny that any class should be certified or is appropriate.  Except as expressly

15    admitted, Defendants deny the remaining allegations in paragraph 211 of the Complaint.

16    212.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

17    putative class, but deny that any class should be certified or is appropriate.  Except as expressly

18    admitted, Defendants deny the remaining allegations in paragraph 212 of the Complaint.

19    213.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

20    putative class, but deny that any class should be certified or is appropriate.  Except as expressly

21    admitted, Defendants deny the remaining allegations in paragraph 213 of the Complaint.

22    214.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

23    putative class, but deny that any class should be certified or is appropriate.  Except as expressly

24    admitted, Defendants deny the remaining allegations in paragraph 214 of the Complaint.

25    a.    Defendants admit that Plaintiffs purport to bring claims as representatives

26    of a putative class, but deny that any class should be certified or is appropriate.  Except as

27    expressly admitted, Defendants deny the remaining allegations in paragraph 214 of the Complaint.

28    b.    Defendants admit that Plaintiffs purport to bring claims as representatives

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1   of a putative class, but deny that any class should be certified or is appropriate.  Except as

2   expressly admitted, Defendants deny the remaining allegations in paragraph 214 of the Complaint.

3           c.       Defendants admit that Plaintiffs purport to bring claims as representatives

4   of a putative class, but deny that any class should be certified or is appropriate.  Except as

5   expressly admitted, Defendants deny the remaining allegations in paragraph 214 of the Complaint.

6           d.       Defendants admit that Plaintiffs purport to bring claims as representatives

7   of a putative class, but deny that any class should be certified or is appropriate.  Except as

8   expressly admitted, Defendants deny the remaining allegations in paragraph 214 of the Complaint.

9           e.       Defendants admit that Plaintiffs purport to bring claims as representatives

10  of a putative class, but deny that any class should be certified or is appropriate.  Except as

11  expressly admitted, Defendants deny the remaining allegations in paragraph 214 of the Complaint.

12          f.       Defendants admit that Plaintiffs purport to bring claims as representatives

13  of a putative class, but deny that any class should be certified or is appropriate.  Except as

14  expressly admitted, Defendants deny the remaining allegations in paragraph 214 of the Complaint.

15          g.       Defendants admit that Plaintiffs purport to bring claims as representatives

16  of a putative class, but deny that any class should be certified or is appropriate.  Except as

17  expressly admitted, Defendants deny the remaining allegations in paragraph 214 of the Complaint.

18      215.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

19  putative class, but deny that any class should be certified or is appropriate.  Except as expressly

20  admitted, Defendants deny the remaining allegations in paragraph 215 of the Complaint.

21      216.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

22  putative class, but deny that any class should be certified or is appropriate.  Except as expressly

23  admitted, Defendants deny the remaining allegations in paragraph 216 of the Complaint.

24      217.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

25  putative class, but deny that any class should be certified or is appropriate.  Except as expressly

26  admitted, Defendants deny the remaining allegations in paragraph 217 of the Complaint.

27

28

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

**ALLEGED FIRST CAUSE OF ACTION**
**ALLEGED VIOLATION OF THE "UNFAIR" PRONG OF CAL. BUS. & PROF. CODE §**
**17200, *et seq.* AGAINST YGRENE ENERGY FUND, INC.**
(California Subclasses)

218.　Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

219.　The allegations in paragraph 219 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

220.　The allegations in paragraph 220 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

221.　Defendants deny the allegations in paragraph 221 of the Complaint.

222.　Defendants deny the allegations in paragraph 222 of the Complaint.

223.　Defendants deny the allegations in paragraph 223 of the Complaint.

224.　Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 224 of the Complaint.

**ALLEGED SECOND CAUSE OF ACTION**
**ALLEGED VIOLATION OF THE "FRAUDULENT" PRONG OF CAL. BUS. & PROF.**
**CODE § 17200, *et seq.* AGAINST YGRENE ENERGY FUND, INC.**
(California Subclasses)

225.　Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

226.　The allegations in paragraph 226 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

227.　The allegations in paragraph 227 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

228.   Defendants deny the allegations in paragraph 228 of the Complaint.

229.   Defendants deny the allegations in paragraph 229 of the Complaint.

230.   Defendants deny the allegations in paragraph 230 of the Complaint.

231.   Defendants deny the allegations in paragraph 231 of the Complaint.

232.   Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 232 of the Complaint.

## ALLEGED THIRD CAUSE OF ACTION
### ALLEGED VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(Florida Subclasses)

233.   Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

234.   Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 234 of the Complaint.

235.   The allegations in paragraph 235 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

236.   Defendants admit the allegations in paragraph 236 of the Complaint.

237.   Defendants deny the allegations in paragraph 237 of the Complaint.

238.   Defendants deny the allegations in paragraph 238 of the Complaint.

239.   Defendants deny the allegations in paragraph 239 of the Complaint.

240.   Defendants deny the allegations in paragraph 240 of the Complaint.

241.   Defendants deny the allegations in paragraph 241 of the Complaint.

242.   Defendants deny the allegations in paragraph 242 of the Complaint.

243.   Defendants admit that Plaintiffs purport to bring claims as representatives of a

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

1   putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

2   or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in

3   paragraph 243 of the Complaint.

4        244.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

5   putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

6   or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in

7   paragraph 244 of the Complaint.

8        245.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

9   putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

10  or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in

11  paragraph 245 of the Complaint.

**ALLEGED FOURTH CAUSE OF ACTION**
**ALLEGED TORTIOUS INTERFERENCE WITH CONTRACT**
(California Subclasses)

14       246.    Defendants hereby incorporate their responses to the preceding paragraphs as

15  though set forth fully herein.

16       247.    Defendants deny that PACE obligations constitute loans.  Defendants lack

17  information sufficient to form a belief as to the truth of the remaining allegations in paragraph 247

18  of the Complaint, and on that basis, deny each and every such allegation.

19       248.    Defendants deny that PACE obligations constitute loans.  Defendants lack

20  information sufficient to form a belief as to the truth of the remaining allegations in paragraph 248

21  of the Complaint, and on that basis, deny each and every such allegation.

22       249.    Defendants deny the allegations in paragraph 249 of the Complaint.

23       250.    Defendants deny the allegations in paragraph 250 of the Complaint.

24       251.    Defendants deny the allegations in paragraph 251 of the Complaint.

25       252.    Defendants deny the allegations in paragraph 252 of the Complaint.

26       253.    Defendants deny the allegations in paragraph 253 of the Complaint.

27       254.    Defendants deny the allegations in paragraph 254 of the Complaint.

28       255.    Defendants lack information sufficient to form a belief as to the truth of the

1    allegations in paragraph 255 of the Complaint, and on that basis, deny each and every such

2    allegation.

3         256.    Defendants deny the allegations in paragraph 256 of the Complaint.

**ALLEGED FIFTH CAUSE OF ACTION**
**ALLEGED FRAUDULENT INDUCEMENT**
(Nationwide Classes)

6         257.    Defendants hereby incorporate their responses to the preceding paragraphs as

7    though set forth fully herein.

8         258.    Defendants deny the allegations in paragraph 258 of the Complaint.

9         259.    Defendants deny the allegations in paragraph 259 of the Complaint.

10        260.    Defendants deny the allegations in paragraph 260 of the Complaint.

11        261.    Defendants deny the allegations in paragraph 261 of the Complaint.

12        262.    Defendants deny the allegations in paragraph 262 of the Complaint.

13        263.    Defendants deny the allegations in paragraph 263 of the Complaint.

14        264.    Defendants deny the allegations in paragraph 264 of the Complaint.

15        265.    Defendants deny the allegations in paragraph 265 of the Complaint.

16        266.    Defendants deny the allegations in paragraph 266 of the Complaint.

17        267.    Defendants deny the allegations in paragraph 267 of the Complaint.

18        268.    Defendants deny the allegations in paragraph 268 of the Complaint.

19        269.    Defendants deny the allegations in paragraph 269 of the Complaint.

20        270.    Defendants admit that Plaintiffs purport to bring claims as representatives of a

21    putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

22    or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in

23    paragraph 270 of the Complaint.

**ALLEGED SIXTH CAUSE OF ACTION**
**ALLEGED NEGLIGENT MISREPRESENTATION**
(Nationwide Classes)

26        271.    Defendants hereby incorporate their responses to the preceding paragraphs as

27    though set forth fully herein.

28        272.    Defendants deny the allegations in paragraph 272 of the Complaint.

**BUCKLEY SANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Tel. (310) 424-3900 • Fax (310) 424-3960

Case No. 3:17-cv-01258-LB

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

273. Defendants deny the allegations in paragraph 273 of the Complaint.

274. Defendants deny the allegations in paragraph 274 of the Complaint.

275. Defendants deny the allegations in paragraph 275 of the Complaint.

276. Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 276 of the Complaint.

<div style="text-align:center">

**SEVENTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
(Florida Subclasses)

</div>

277. Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

278. The allegations in paragraph 278 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

279. The allegations in paragraph 279 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

280. The allegations in paragraph 280 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations may be deemed to require a response, Defendants deny each and every such allegation.

281. Defendants deny the allegations in paragraph 281 of the Complaint.

282. Defendants deny the allegations in paragraph 282 of the Complaint.

283. Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 283 of the Complaint.

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

**ALLEGED EIGHTH CAUSE OF ACTION**
**ALLEGED NEGLIGENCE**
(Nationwide Classes)

284.    Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

285.    Defendants deny the allegations in paragraph 285 of the Complaint.

286.    Defendants deny the allegations in paragraph 286 of the Complaint.

287.    Defendants deny the allegations in paragraph 287 of the Complaint.

288.    Defendants deny the allegations in paragraph 288 of the Complaint.

289.    Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 289 of the Complaint.

**ALLEGED PRAYER FOR RELIEF**

1.    Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought under any of the claims asserted in the Complaint.

2.    Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought under any of the claims asserted in the Complaint.

3.    Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought under any of the claims asserted in the Complaint.

4.    Defendants admit that Plaintiffs purport to bring claims as representatives of a putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought

31

1    under any of the claims asserted in the Complaint.

2        5.      Defendants admit that Plaintiffs purport to bring claims as representatives of a

3    putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

4    or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought

5    under any of the claims asserted in the Complaint.

6        6.      Defendants admit that Plaintiffs purport to bring claims as representatives of a

7    putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

8    or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought

9    under any of the claims asserted in the Complaint.

10       7.      Defendants admit that Plaintiffs purport to bring claims as representatives of a

11   putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

12   or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought

13   under any of the claims asserted in the Complaint.

14       8.      Defendants admit that Plaintiffs purport to bring claims as representatives of a

15   putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

16   or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought

17   under any of the claims asserted in the Complaint.

18       9.      Defendants admit that Plaintiffs purport to bring claims as representatives of a

19   putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

20   or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought

21   under any of the claims asserted in the Complaint.

22       10.     Defendants admit that Plaintiffs purport to bring claims as representatives of a

23   putative class, but deny that Plaintiffs have suffered any harm, or that any class should be certified

24   or is appropriate.  Defendants further deny that Plaintiffs are entitled to any of the relief sought

25   under any of the claims asserted in the Complaint.

26                                **AFFIRMATIVE DEFENSES**

27       Without assuming any burden that they would not otherwise bear under applicable law,

28   and reserving their right to amend their Answer to assert additional defenses, Defendants assert the

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

following affirmative defenses:

1.    The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

2.    Defendants contend that this lawsuit should not proceed as a class action on the grounds that, inter alia: the named Plaintiffs lack standing to represent the purported classes; the purported classes are not ascertainable; the named Plaintiffs are not typical of, and do not and cannot fairly and adequately represent, the purported classes; common questions do not predominate; and a class action will not be superior to other methods available for the adjudication of this controversy.

3.    Plaintiffs' alleged claims are barred, in whole or in part, because the Complaint fails to state any claim that may be maintained as a class action.

4.    Plaintiff's alleged claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Cal. Bus. & Prof. Code § 17208; Cal. Code Civ. Proc. §§ 337 and 338; Fla. Stat. § 95.11; and similar statutes under federal law and the laws of California, Florida, and other states.

5.    Plaintiffs' alleged claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification and/or consent.

6.    Plaintiffs' alleged claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, or other similar doctrines.

7.    Plaintiffs' alleged claims are barred, in whole or in part, to the extent that they have been released by agreement or by operation of law.

8.    Plaintiffs' alleged claims for equitable relief are barred because Plaintiff has an adequate remedy at law.

9.    Plaintiffs are barred from claiming injury or damages because they failed to make reasonable efforts to mitigate such injury or damages, which would have prevented or reduced their injury or damages, if any.

10.    Defendants and/or their agents, if any, and/or their predecessors in interest were under no duty to disclose any of the purported information that Plaintiffs allege was not disclosed.

**BUCKLEY SANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Case No. 3:17-cv-01258-LB
DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT

11.     Factors other than allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other alleged actions by Defendants and/or their agents, if any, and/or their predecessors in interest caused some or all of the harm or damages alleged by Plaintiffs.

12.     Plaintiffs' alleged claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not proximately caused by any acts or omissions of Defendants and/or their agents, if any, and/or their predecessors in interest.

13.     Plaintiffs' alleged claims are barred, in whole or in part, because Plaintiffs have suffered no injury or damage as a result of the matters alleged in the Complaint.

14.     Plaintiffs' alleged claims are barred, in whole or in part, because any and all injuries and damages alleged in the Complaint were caused by the independent conduct of one or more persons and/or entities over which Defendants had no control and for whose actions/omissions Defendants are not responsible.

15.     Plaintiffs' alleged claims are barred, in whole or in part, by the voluntary payment doctrine, under which they cannot recover payments voluntarily made with full knowledge of the facts.

16.     Plaintiffs received all or substantially all of the benefit from the products and/or services at issue that they bargained, and to that extent any damages and/or restitution that they might be entitled to recover must be correspondingly reduced.

17.     Plaintiffs' alleged claims and/or the recovery of all or certain claimed damages by Plaintiffs may be precluded by disclaimers, limitations of liability, and/or other language or terms set forth in documents provided to Plaintiffs and/or agreements entered into by Plaintiffs.

18.     Defendants allege that any statements allegedly made by any of the Defendants and/or their agents, if any, and/or their predecessors in interest were mere inactionable "puffing" or opinion, and were not representations of fact.

19.     Plaintiffs' alleged claims are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact, nor have they lost any money or property as a result of the unfair competition they allege and which Defendants deny.

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

34

20.     Any finding of liability under the UCL and/or the FDUTPA would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

21.     Plaintiffs' alleged claims are barred, in whole or in part, because other principles of law stand as an absolute barrier to those claims in this case.

22.     Plaintiffs' alleged claims are barred, in whole or in part, because Plaintiffs did not actually rely on any statement or omission, and they are not entitled to rely on any presumption of reliance.

23.     Plaintiffs' alleged claims for restitution are barred to the extent that Plaintiffs did not pay money directly to Defendants, and/or Plaintiffs seek a return of monies not in Defendants' possession, and/or to the extent Plaintiffs have failed to otherwise do equity to invoke equity, or otherwise perform all conditions precedent to the exercise of remedies in equity.

24.     Plaintiffs' alleged claims are barred, in whole or in part, because the business practices Plaintiffs have challenged are permitted by law.

25.     Plaintiffs' alleged claims are barred, in whole or in part, because neither Plaintiffs nor any member of the general public reasonably and/or justifiably relied on the alleged acts or omissions set forth in the Complaint.

26.     Plaintiffs' alleged claims are barred, in whole or in part, because Plaintiffs' supposed damages are speculative, not cognizable, and/or otherwise not recoverable.

27.     Plaintiffs' alleged claims are barred, in whole or in part, because Plaintiffs' allegations of misrepresentation are inconsistent with, and contrary to, plain written disclosures provided to Plaintiffs.

28.     Plaintiffs' alleged claims are barred, in whole or in part, because they are preempted by state and/or federal law.

29.     Plaintiffs' alleged claims are barred, in whole or in part, because the remedy for certain of their causes of action is limited to restitutionary relief.

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Case No. 3:17-cv-01258-LB
DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER TO THE SECOND AMENDED CLASS ACTION COMPLAINT

1

2   DATED:  November 27, 2017          BUCKLEY SANDLER LLP

3

4                                     By:  _____/s/*Fredrick S. Levin*_____

5                                          Fredrick S. Levin
                                           *Attorneys for Defendants Ygrene Energy Fund,*
6                                          *Inc. and Ygrene Energy Fund Florida, LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCKLEY SANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

DEFENDANTS YGRENE ENERGY FUND, INC. AND YGRENE ENERGY FUND FLORIDA, LLC'S ANSWER
TO THE SECOND AMENDED CLASS ACTION COMPLAINT