United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GEORGE W. WOOLLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> YGRENE ENERGY FUND, INC., et al., <br><br> Defendants. | Case No. 17-cv-01258-LB <br><br> **ORDER (1) GRANTING MOTION TO WITHDRAW AND (2) TO SHOW CAUSE WHY MR. PEKEL'S CASE SHOULD NOT BE DISMISSED BASED ON HIS FAILURE TO PROSECUTE IT** <br><br> Re: ECF No. 69 |

**INTRODUCTION**

The plaintiffs — on behalf of a national class and California and Florida subclasses — sue Ygrene Energy for fraud relating to home-improvement loans.[1] Plaintiffs' counsel move to withdraw only as to Michael G. Pekel because they have been unable to contact him since September 2017.[2] The defendants do not object to the motion to withdraw.[3]

The court grants the motion to withdraw and directs plaintiffs' counsel to continue to accept service of all filings and serve them on Mr. Pekel. The court also orders Mr. Pekel to appear in person or through counsel at 450 Golden Gate Avenue, 15th Floor, Courtroom C, San Francisco,

---

[1] Second Amend. Compl. ("SAC") – ECF No. 44. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Motion to Withdraw – ECF No. 69 at 3.

[3] Joint Further Case Management Conference Statement – ECF No. 71at 2.

ORDER – No. 17-cv-01258-LB

1 California, on February 8, 2018, at 11:00 a.m., to show cause why the court should not dismiss his
2 case for his failure to prosecute it.

## STATEMENT

On September 27, 2017, Plaintiffs' counsel Manuel Hiraldo sent an email to Mr. Pekel to schedule his deposition.[4] "That same day, Mr. Pekel responded that he was available during the proposed date and time."[5] On October 4, 2017, Mr. Hiraldo "emailed a copy of the notice of deposition to Mr. Pekel" and asked him to confirm receipt.[6] Mr. Hiraldo did not receive a response.[7] Mr. Hiraldo followed up with Mr. Pekel via email on October 9, October 18, and October 26, 2017.[8] He attempted to contact Mr. Pekel on his cell phone.[9] He also contacted Mr. Pekel via text message on October 11, October 18, October 23, October 26, and October 27, 2017.[10] Mr. Pekel did not respond to the e-mails, calls, or text messages.[11] As a result of Mr. Pekel's unresponsiveness, plaintiffs' counsel has been unable to schedule Mr. Pekel's deposition with the defendants' counsel.[12]

On November 2, 2017, Mr. Hiraldo sent a letter to Mr. Perkel's last known address "regarding whether he wished to continue perusing his claims, and [Mr. Hiraldo's] intent to terminate [the] attorney-client relationship if he did not respond."[13] He also sent a copy of the letter via email.[14] Mr. Pekel did not respond.[15]

---

[4] Hiraldo Decl. – ECF No. 69-1 at 2 (¶ 2).
[5] *Id.* (¶ 3).
[6] *Id.* (¶ 4).
[7] *Id.* (¶ 5).
[8] *Id.*
[9] *Id.* (¶ 6).
[10] *Id.* (¶ 7).
[11] *Id.* (¶¶ 5–7).
[12] *Id.* (¶ 9).
[13] *Id.* (¶ 8).
[14] *Id.*
[15] *Id.*

At the motion-to-dismiss hearing on November 2, 2017, plaintiffs' counsel first raised their communication issues with Mr. Pekel.[16] The court also discussed the issue with the parties at the case-management conference on December 14, 2017.[17] The court set a further case-management conference for January 18, 2018, where counsel discussed their continued efforts to contact Mr. Pekel.

On January 9, 2018, plaintiffs' counsel moved to withdraw as counsel for Mr. Pekel.[18] Plaintiffs' counsel served Mr. Pekel with a copy of the motion.[19] The court granted the motion to withdraw on the record and issues this order to document that decision and to schedule next steps, including its order to Mr. Pekel to appear in person or through counsel on February 8, 2018 at 11:00 a.m. and show cause why his case should not be dismissed for his failure to prosecute it.

## ANALYSIS

### 1. Motion to Withdraw

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Until the client obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the court and from the opposing parties. Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908, 910 (E.D. Cal. 1997). Under California Rule of Professional Conduct 3-700(C), counsel may withdraw if the client makes it unreasonably difficult for the attorney to carry out his or her duties. Cal. R. Prof. Conduct 3-700(C)(1)(d).

---

[16] Joint Case Management Statement – ECF No. 59 at 7.
[17] Joint Case Management Statement – ECF No. 71 at 2.
[18] Motion to Withdraw – ECF No. 69 at 1.
[19] *Id.* at 5; Hiraldo Decl. – ECF No. 69-1 at 2 (¶ 8).

ORDER – No. 17-cv-01258-LB    3

In compliance with California Rule of Professional Conduct 3-700(A)(2), counsel may not "withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." These steps include: (1) giving due notice to the client; (2) allowing time for employment of other counsel, pursuant to Rule 3-700(D); and (3) complying with applicable laws and rules. Cal. R. P. Conduct 3-700(A)(2); *El Hage v. U.S. Sec. Assocs., Inc.*, No. 06-CV-7828-TEH, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Good cause exists for withdrawal. Mr. Pekel has not participated in the case, despite counsels' efforts to contact him. Mr. Pekel's unresponsiveness makes it "unreasonably difficult" for Mr. Pekel's counsel to carry out their duties.

Moreover, counsel took reasonable steps to avoid prejudice to Mr. Pekel from the withdrawal. They notified him a month before filing the motion to withdraw.[20] Counsel served him with a copy of the motion to withdraw.[21] Withdrawal will not prejudice the other named plaintiffs or putative class members because plaintiffs' counsel will continue to represent them.

**2. Further Hearing and Notice to Mr. Pekel**

The court orders Mr. Pekel to appear in person or though counsel on February 8, 2018 at 11:00 a.m. to show cause why the court should not dismiss his case for his failure to prosecute it. If he does not appear, he risks sanctions, including (1) terminating sanctions in the form of dismissal of

---

[20] *Id.*

[21] Motion to Withdraw – ECF No. 69 at 5.

his case if he does not appear and participate in his litigation and (2) monetary sanctions. The court sets forth the legal standards to give Mr. Pekel an understanding about what the rules require of him.

### 2.1 Terminating sanctions

Federal Rules of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Such an order to dismiss operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970)). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson*, 542 F.2d 522 at 524 (internal citation omitted). "The law presumes injury from unreasonable delay." *Id.* at 524 (citing *States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970)). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.* (citing *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974).

In *Yourish v. California Amplifier*, the Ninth Circuit applied the same five-factor standard considered in Federal Rules of Civil Procedure 37(b) case in a Rule 41(b) case. 191 F.3d 983 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d 983 at 990 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986))). "We 'may affirm a dismissal where at least four factors support dismissal . . . or where at least three

factors 'strongly' support dismissal.'" *Id*. (citing *Hernandez*, 138 F.3d at 399 (internal citation omitted)). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id*. (internal citation omitted.) "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).[22]

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Connecticut General Life Ins. Co.*, 482 F.3d at 1096. "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id*. (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *See in re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quotation omitted).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. for Use and Ben. of Wiltec Guam, Inc. v.*

---

[22] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." *Connecticut General*, 482 F.3d at 1096. "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Valley Eng'rs*, 158 F.3d at 1057.

*Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* (citing *Malone*, 833 F.2d at 132-33). Indeed, "'[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id.* (quoting *Malone*, 833 F.2d at 133 (citing cases)).

### 2.2 Monetary sanctions: Federal Rules of Civil Procedure 37(d)(3) and (b)(2)(C)

Rules 37(d)(3) and (b)(2)(C) provide that courts must require the party failing to act, the attorney advising that party, or both to pay to award the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), *as amended* (July 25, 1994) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983))

Federal courts use the lodestar method to determine a reasonable attorney's fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. *Stetson v. Grissom*, 821 F.3d 1157, 1167–68 (9th Cir. 2016).

### 2.3 Order to Appear on February 8, 2018, at 9:30 a.m. and Warning to Mr. Pekel

Because Mr. Pekel has not been communicating with his attorney or otherwise participating in his lawsuit, the court orders him to appear on February 8, 2018, at 11:00 a.m. If he does not, he risks the court's imposition of sanctions, including a monetary sanction awardable to the

defendant for any costs that it incurs for Mr. Pekel's failure to prosecute his case and — because he is not participating in his litigation — dismissal of his case for failure to prosecute it.

**CONCLUSION**

The court grants the motion to withdraw. The court orders plaintiffs' counsel to continue to serve Mr. Pekel with all papers until Mr. Pekel files a substitution of counsel. *See* Civil L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel . . ., leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel[.]"). Plaintiffs' counsel must inform Mr. Pekel of this condition. *See id.* ("When this condition is imposed, counsel must notify the party of this condition.") Specifically, plaintiffs' counsel must serve a copy of this order on Mr. Pekel and file proof of service with the court within one week.

The court orders Mr. Pekel to appear in person or though counsel at 450 Golden Gate Avenue, 15th Floor, Courtroom C, San Francisco, California, on February 8, 2018, at 11:00 a.m. to show cause why his case should not be dismissed based on his failure to prosecute it.

**IT IS SO ORDERED.**

Dated: January 24, 2018

LAUREL BEELER
United States Magistrate Judge