# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LOOK, *et al.*,<br><br>  Plaintiffs,<br><br> vs.<br><br>YGRENE ENERGY FUND, INC. *et al.*,<br><br>  Defendants. | Case No. 3:17-cv-01258<br><br>**STIPULATED ESI DISCOVERY PROTOCOL** |

Plaintiffs and Defendants, by and through their undersigned counsel, hereby stipulate and agree to this ESI Protocol ("Protocol") setting forth the specifications that shall govern document production.

1. **PURPOSE AND SCOPE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

Nothing herein shall alter the parties' respective rights or obligations under the Federal Rules of Civil Procedure. Nothing in this Protocol establishes any agreement regarding the subject matter or scope of discovery in this action, or the relevance or admissibility of any ESI or other document or thing. Nothing in this Protocol shall affect, in any way, a producing party's right under the Federal Rules of Civil Procedure to seek or oppose reimbursement for costs associated with collection, review, and/or production of ESI. Nothing in this Protocol shall be interpreted to require disclosure of irrelevant information or ESI protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between January 1, 2010 and the present will be preserved;

b) The parties have agreed on the types of ESI they believe should be preserved.

c) The parties have agreed that the total number of custodians per side for whom ESI will be preserved is 10, respectively. Custodians will be selected as follows:

1) Custodians of Defendants' ESI: Defendants have already identified five custodians for whom they believe ESI should be preserved. The parties will identify up to five more custodians of Defendants' ESI for whom ESI should be preserved during the pendency of discovery. These additional five custodians will be identified no later than April 1, 2018 or three (3) months after Ygrene begins its rolling production of ESI, whichever is later.

2) Custodians of Plaintiffs' ESI: Each Plaintiff will preserve ESI in accordance with this stipulation. The parties will identify up to four more custodians of Plaintiffs' ESI for whom ESI should be preserved during the pendency of discovery. These additional four custodians will be identified no later than April 1, 2018.

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: backup media or other systems no longer in use that can no longer reasonably be accessed;

e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: NONE.

f) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: NONE.

**4. SEARCH**

The parties shall meet and confer and reach agreement as to the method of searching, and the words, terms, and phrases to be used to locate and identify potentially responsive ESI. The parties shall also agree on the timing and conditions of any additional searches that may become necessary in the normal course of discovery. In lieu of identifying responsive ESI using the search terms and custodians/electronic systems as described above, a party may use a technology assisted review platform to identify potentially relevant documents and ESI.

1     **5.    PRODUCTION FORMATS**

2         The parties agree to produce documents in ☒ PDF, ☒TIFF, ☒native and/or ☒paper file
3 formats or any combination thereof as appropriate. If particular documents warrant a different
4 format, the parties will cooperate to arrange for the mutually acceptable production of such
5 documents. If the parties are unable to reach an agreement, the parties may present the dispute for
6 judicial resolution regarding the form of production and any potential shifting of costs.

7         To the extent responding to a discovery request requires production of ESI contained in a
8 database, the producing party may comply with the discovery request by generating a report in a
9 reasonably usable and exportable electronic format. The parties agree not to degrade the
10 searchability of documents as part of the document production process. Common system and
11 program files as defined by the NIST library (which is commonly used by discovery vendors to
12 exclude system and program files from document review and production) need not be processed,
13 reviewed or produced. The parties shall meet and confer on any additional file types that also
14 need not be processed, reviewed, or produced. Productions can be transferred by any appropriate
15 and secure method agreed to by the parties.

16    **6.    DOCUMENTS PROTECTED FROM DISCOVERY**

17    a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-
18        protected document, whether inadvertent or otherwise, is not a waiver of privilege or
19        protection from discovery in this case or in any other federal or state proceeding. For
20        example, the mere production of privileged or work-product-protected documents in this
21        case as part of a mass production is not itself a waiver in this case or in any other federal or
22        state proceeding.
23    b)    The parties have agreed upon a "clawback" process pursuant to Fed. R. Civ. P.
24        26(b)(5) whereby the producing party may clawback any document that is produced,
25        inadvertently or otherwise, and that is protected from discovery by the attorney-client
26        privilege, work product doctrine, or other privilege. The producing party will give notice
27        of its intent to clawback documents by identifying the documents by Bates number as soon
28        as reasonably practical. Upon receipt of such notice, the receiving party will return all

1  documents identified by the producing party and simultaneously delete all copies thereof.

2  c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**7. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: January 30, 2018    /s/ Jeffrey D. Kaliel
                           Counsel for Plaintiff

Dated: January 30, 2018    /s/ Fredrick S. Levin
                           Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: February 8, 2018

UNITED STATES MAGISTRATE JUDGE