United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALEJANDRO MARCEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YGRENE ENERGY FUND, INC., et al.,<br><br>Defendants. | Case No. 17-cv-01258-LB<br><br>**AMENDED DISCOVERY ORDER**<br><br>Re: ECF No. 91, 96 |

The court held a discovery hearing on August 17, 2018 about the parties' disputes in the letters at ECF Nos. 91 and 96. The court ruled on the record and summarizes its rulings here.

**1. RFP 5**

The production will be complaints about transferability of PACE loans and fees that relate to transferability.

**2. RFP 7 and RFP 8**

Ygrene does not need to run new ESI searches. If it has marketing and sales practice documents in hand, it must produce them and cannot withhold production by grounds such as "does not relate to transferability" (as discussed on the record).

**3. RFP 9**

For now, the production does not have to include email communications beyond those already produced. Ygrene must give the plaintiffs a copy of the written agreement to exclude communications.

**4. Other matters**

Ygrene said that it would produce the remaining production in seven days, meaning, by August 24.

The depositions next week will not go forward unless the parties agree that they can. The plaintiffs say that they cannot conduct depositions without the documents. The court is not in a position to second-guess that determination. The plaintiffs will review the document production and schedule a Rule 30(b)(6) deposition as quickly as possible (for the reasons discussed on the record). That will enable them to identify focused email searches from decision-makers and — with Ygrene — run some test searches to identify volume and usefulness of the searches. The plaintiffs have key depositions they want to take. The court directed the parties to confer on a deposition schedule to take place as soon as is practicable, starting with the Rule 30(b)(6) deponent and then the most relevant decision-maker. If subsequent email productions reveal areas of inquiry that cannot satisfactorily be addressed through other witnesses, then the court will probably allow a second half-day deposition. (That said, there might be sufficient illumination through other depositions, depending on what the email productions look like and who the players are.)

After the parties set their deposition schedule, they must confer on all deadlines and submit either a joint proposal or a chart that reflects their differences.

The parties agreed to address their remaining disputes by reference to the court's orders on the disputes it was able to reach today.

**IT IS SO ORDERED.**

Dated: August 18, 2018

LAUREL BEELER
United States Magistrate Judge