UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GEORGE W. WOOLLEY, TAMMY S. WOOLLEY, ANTHONY LOOK, JR., KIMBERLY LOOK, ALEJANDRO MARCEY, and FELICIA MARCEY, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>YGRENE ENERGY FUND, INC., and YGRENE ENERGY FUND FLORIDA, LLC,<br><br>Defendants. | Case No. 17-cv-01258-LB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**<br><br>Re: ECF No. 205 |

**INTRODUCTION**

The court assumes the reader's familiarity with its prior orders, which recount the plaintiffs' claims that Ygrene and its agents told consumers that the PACE loans would attach to their properties (like property taxes) and, correspondingly, failed to reveal that if homeowners sold their homes or refinanced their mortgages, then they would have to prepay the PACE loans and incur

fees.[1] The court certified the plaintiffs proposed classes on January 6, 2020.[2] The plaintiff then moved for a protective order limiting Ygrene's communications with the classes because Ygrene surveyed class members before class certification.[3] The court held a hearing on February 20, 2020.

The court denies the motion because the plaintiffs have failed to establish a "clear record" of abuse or of "likelihood of serious abuse."

**ANALYSIS**

"Before a class is certified in a class action, counsel for both plaintiffs and defendants may communicate with the putative class, *ex parte,* about the lawsuit." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil*, 452 U.S. at 100. "The prophylactic power accorded to the court presiding over a putative class action under Rule 23(d) is broad; the purpose of Rule 23(d)'s conferral of authority is not only to protect class members in particular but to safeguard generally the administering of justice and the integrity of the class certification process." *Retiree Support Grp. of Contra Costa Cty. v. Contra Costa Cty.*, No. 12-CV-00944-JST, 2016 WL 4080294, at *5 (N.D. Cal. July 29, 2016) (citing *O'Connor v. Uber Technologies, Inc.,* No. C-13-3826 EMC, 2014 WL 1760314, at *3 (N.D. Cal. May 2, 2014)).

"Courts applying the *Gulf Oil* standard have found that *ex parte* communications soliciting opt-outs, or even simply discouraging participation in a case, undermine the purposes of Rule 23 and require curative action by the court." *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 517 (N.D. Cal. 2010). In the context of class action litigation, whether pre- or post-certification, unsupervised communications between an employer and its workers present an acute risk of coercion and abuse. *See Guifu Li*, 270 F.R.D. at 517.

---

[1] Orders – ECF Nos. 52 & 186. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 186.

[3] Mot. – ECF No. 205 at 3.

Communications between parties and class members may be restricted when there is "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil*, 452 U.S. at 101. "Courts in this district have limited communications, as well as invalidated agreements that resulted from those communications, when they omitted critical information or were otherwise misleading or coercive." *Slavkov v. Fast Water Heaters Partners I, LP*, 2015 WL 6674575, at *2 (N.D. Cal. Nov. 2, 2015) (citing cases). Any order restricting the parties' speech must be "carefully drawn" and limit speech "as little as possible." *Gulf* Oil, 452 U.S. at 102.

The plaintiffs' sole justification for a protective order, the Hanssens survey,[4] does not establish "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil*, 452 U.S. at 101. The survey was facially neutral, did not require the participants to waive any of their rights in this litigation, and was conducted pre-certification when defendants may generally gather information about the putative class. *See Castaneda v. Burger King Corp.*, No. C 08-4262 WHA (JL), 2009 WL 2382688, *7 (N.D. Cal. 2009) ("Both parties are permitted to take pre-certification discovery, including discovery from prospective class members."); 3 Newberg on Class Actions § 9:7 (5th ed.). The survey was not misleading or improper and the plaintiffs have not provided any basis to show that Ygrene will not comply with their ethical obligations.

The plaintiffs' cited cases do not counsel a different result. *Mevorah v. Wells Fargo Home Mortg, Inc.* involved allegations that certain commissioned employees had been improperly classified as exempt from overtime laws. No. C 05-1175 MHP, 2005 WL 4813532, at *1 (N.D. Cal. Nov. 17, 2005). The employer's communications were deemed improper because they gave the impression that the lawsuit, if successful, would result in the employees no longer receiving commissions, when that was not necessarily true. *Id.* at *4. Here, the Hanssens survey was facially neutral and did not otherwise contain any other misleading or improper communication. *Longcrier v. HL-A Co. Inc.* involved alleged wage-and-hour violations. 595 F. Supp. 2d 1218 (S.D. Ala.

---

[4] *Id.* at 4–5.

1  2008). There the employer called its employees individually to complete a survey. *Id.* at 1227. The
2  surveys turned out to be declarations the employer would use to waive the employees' rights and
3  prevent them from opting into the putative class. *Id.* at 1228. Here, the Hanssens survey was not
4  conducted under false pretenses and did not affect the customers' individual rights to participate in
5  the class.

## CONCLUSION

The court denies the plaintiffs' motion for a protective order.

**IT IS SO ORDERED.**

Dated: March 2, 2020

_____
LAUREL BEELER
United States Magistrate Judge