UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GEORGE W. WOOLLEY, TAMMY S. WOOLLEY, ANTHONY LOOK, JR., KIMBERLY LOOK, ALEJANDRO MARCEY, and FELICIA MARCEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YGRENE ENERGY FUND, INC., and YGRENE ENERGY FUND FLORIDA, LLC,<br><br>Defendants. | Case No. 17-cv-01258-LB<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: ECF No. 260 |

## INTRODUCTION

This is a putative class action about (1) Ygrene Energy's alleged misrepresentations to homeowners that clean-energy loans for home improvements (such as solar panels or better windows) were assessments that attached to their properties (like property taxes) and transferred on resale to new owners, when (2) in fact, the homeowners had to prepay the loans if they wanted to sell their homes or refinance their mortgages.[1] On May 28, 2020, the court denied the plaintiffs'

---

[1] Order – ECF No. 252 at 2–3. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 17-cv-01258-LB

class-certification motion, generally because they did not show that class members were exposed to the challenged marketing materials.[2] On June 11, 2020, the plaintiffs filed a Federal Rule of Civil Procedure 23(f) petition with the Ninth Circuit for permission to appeal the order.[3] They then moved to stay the case under Rule 23(f).[4] The defendants oppose a complete stay because they contemplate filing a motion for summary judgment for the claims of named plaintiffs Tammy and George Woolleys, but they otherwise do not oppose the motion to stay.[5] The court can decide the matter without oral argument under Civ. L. R. 7-1(b). The court denies a complete stay on this record and will consider Ygrene's summary-judgment motion.

## ANALYSIS

Under Rule 23(f), a party may petition the court of appeals to appeal a trial court's order granting or denying class-action certification. Fed. R. Civ. P. 23(f). If the petition is granted, the interlocutory appeal "does not stay proceedings in the district court unless the district court or the court of appeals so orders." *Id.* To prevail on a motion to stay, a party must show the following: (1) it is likely to succeed on the merits of the appeal; (2) it will be irreparably harmed absent a stay; (3) issuance of a stay will not substantially injure the other party; and (4) a stay is in the public interest. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984-JST, 2016 WL 6082413, at *1 (N.D. Cal. Oct. 18, 2016). The court examines these factors on a flexible continuum, which is "essentially the same as the 'sliding scale' approach" used to evaluate motions for preliminary injunctions. *Leiva-Perez*, 640 F.3d at 964–66; *Todd*, 2016 WL 6082413 at *1. The court balances the factors "so that a stronger showing on one element may offset a weaker showing of another." *Leiva-Perez*, 640 F.3d at 964; *Todd*, 2016 WL 6082413 at *2. For factor one, a party does not need to demonstrate that it is more likely than not that it will win on the merits; instead, "it must show that irreparable harm is probable and

---

[2] *Id.* at 2.

[3] Pet. – No. 20-80088 (9th Cir. June 11, 2020).

[4] Mot. – ECF No. 260.

[5] Opp'n – ECF No. 261 at 5.

ORDER – No. 17-cv-01258-LB                                2

1  either: (a) a strong likelihood of success on the merits and the public interest does not weigh
2  heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips
3  in the petitioner's favor." *Leiva-Perez*, 640 F.3d at 964.

4  The plaintiffs contend that the court should stay the case pending the Rule 23(f) petition
5  because (1) their appeal raises a serious legal question, (2) they would suffer irreparable harm
6  absent a stay, (3) a stay does not prejudice Ygrene, and (4) judicial economy and the public
7  interest favor a stay.[6] The court denies the motion.

8  First, the plaintiffs argue that the court committed "manifest error" when it reversed its
9  previous order granting class certification without any intervening changes in the law or the facts.[7]
10 As the court has explained, in its first order, it considered the plaintiffs' argument and did not
11 consider evidence — in the form of exposure — sufficiently.[8] Moreover, the court's initial order
12 was interlocutory, and the court can reconsider it. *City of L.A., Harbor Div. v. Santa Monica*
13 *Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the
14 case, then it possesses the inherent procedural power to reconsider, *rescind*, or modify an
15 interlocutory order for cause seen by it to be sufficient") (cleaned up) (emphasis in original).

16 Second, the plaintiffs face Ygrene's summary-judgment motion in any event, and if they need
17 more discovery, the court will grant it. Fed. R. Civ. P. 56(d). If there are issues about the
18 Woolleys, then the court will address the issues when they are live. *See Ellsworth v. U.S. Bank,*
19 *N.A.*, No. C 12–02506 LB, 2013 WL 6730725, at *11–12 (N.D. Cal. Dec. 19, 2013) (allowing new
20 class representatives).

21 Third, Ygrene does not oppose staying other aspects of the case.[9] It otherwise has some harm
22 from a full stay. This factor favors the court's approach.

---

[6] Mot. – ECF No. 260 at 7–11.

[7] *Id*. at 9.

[8] *E.g.* February 20, 2020 Hr'g Tr. – ECF No. 221 at 3:23, 6:3–4; April 16, 2020 Hr'g Tr. – ECF No. 245 at 6:18–19.

[9] Opp'n – ECF No. 261 at 5.

Fourth, the court's approach balances the interests of the parties and — if the post-motion case is stayed — the interests of efficiency.

## CONCLUSION

The court denies the motion to stay in that it will allow the summary-judgment motion, related discovery, and any discovery relevant to the class-certification issues (as it has said previously). It otherwise is willing to stay the case and can address the scope of the stay at the next case-management conference or in the context of any discovery disputes.

This disposes of ECF No. 260.

**IT IS SO ORDERED.**

Dated: August 19, 2020

_____
LAUREL BEELER
United States Magistrate Judge